**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA, for the Use and Benefit of R.J. Sanders, Inc.** :

**vs.** : C.A. No. CA 06 454S

**O. AHLBORG & SONS, INC., CONTINENTAL CASUALTY INSURANCE COMPANY; CENTRAL MAINE POWER PLANT; COMBINED ENERGIES, A DIVISION OF THE UNION WATER-POWER COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY** :

**Jurisdiction**

This matter is subject to the jurisdiction of this Court pursuant to United States Code Sec. 270b(b) as a claim brought under the Miller Act and Venue rests exclusively with this District.

**Complaint**

1. R.J. Sanders, Inc. (Sanders) is a Massachusetts corporation with its principal place of business in Seekonk, Massachusetts. The business of Sanders is mechanical contractor on commercial projects.

2. Defendant, O. Ahlborg & Sons, Inc. (Ahlborg) is a Rhode Island corporation with its principal place of business in Cranston, Rhode Island. Ahlborg's principal business is general contractor on commercial projects.

3. Defendant, Continental Casualty Insurance (CNA) is a bonding and surety company licensed to do business in the State of Rhode Island.

4. Central Maine Power Company (Central Maine), upon information and belief, is a Maine corporation with its principal place of business in Augusta, Maine.

5. Defendant, Combined Energies, a Division of The Union Water-Power Company (Combined Energies) upon information and belief, is a Maine corporation with its principal place of business in Augusta, Maine. At all times material hereto, Combined was authorized to do business in the State of Rhode Island.

6. Defendant, Westchester Fire Insurance Company (Westchester) is a bonding and surety company licensed to do business in Rhode Island.

**COUNT I**

7. Sanders hereby realleges the allegations set forth in Paragraphs 1 through 6, as if set forth in full herein.

8. On April 13, 2004, Sanders entered into a contract with Ahlborg on a project known as Naval Station Newport Heating System Decentralization, Newport, Rhode Island (the Project), on which Ahlborg was a subcontractor to the general contractor, Combined Energies.

9. Pursuant to the terms and conditions of the contract, Sanders was to provide labor and materials to perform work associated with fire protection, plumbing, heating, ventilation and air conditioning, piping, ductwork and provide equipment in conjunction with specifications and plans on the Project.

10. Pursuant to the terms of the contract, Sanders was to be paid $6,450,000 for the scope of the work which was to be performed pursuant to an established schedule of trades.

11. Sanders performed its work in a satisfactory and workmanlike manner.

12. During the course of the Project, the scope of work and the schedule of trades was repeatedly changed and altered by Combined Energies and Ahlborg.

13. Pursuant to the changes requested by Combined Energies and Ahlborg, significant additional work was provided, and changes in the scope and method of work were necessary as it related to Sanders' work.

14. A significant number of change orders were executed by Ahlborg, Sanders and Combined Energies.

15. Sanders submitted numerous change orders, which are still pending and have received no response from Ahlborg and Combined Energies.

16. Ahlborg breached the agreement by failing to pay the balance of monies due Sanders on the Project for the original contract, change orders and retainage.

## COUNT II

17. Sanders hereby realleges the allegations set forth in Paragraphs 1 through 16, as if set forth in full herein.

18. Pursuant to the terms and conditions of the contract between Ahlborg and Combined Energies, Ahlborg, along with Defendant, CNA, issued a subcontractor Labor and Material Bond, Bond No. 929316778, a copy of which is attached as **Exhibit A**, indicating that anyone in contract with Ahlborg who has provided labor and material to the Project for which payment has not been made, will be satisfied through the bond issued by CNA as surety for Ahlborg.

19. Pursuant to the terms and conditions of the agreement, a claimant may bring a claim within one (1) year following the date on which Ahlborg ceased work on the Project. A claimant is defined as a party with direct contract with Ahlborg who is principal on the bond.

20. Notice has been provided to both Ahlborg and CNA of the monies due Sanders.

21. CNA and Ahlborg have failed to respond or make payment pursuant to the terms of their obligation pursuant to the bond. The claim by Sanders is made pursuant to the 40 USCA, Sec. 3131 et. seq., The Miller Act (the Act).

**COUNT III**

22. Sanders hereby realleges the allegations set forth in Paragraphs 1 through 21, as if set forth in full herein.

23. In addition to the contract work, the actions of Ahlborg by failing to coordinate the work of the various subcontractors and to properly enforce the schedule on the Project caused Sanders' delay, disruption, additional labor and material, and overhead for costs incurred for which Ahlborg and CNA are liable.

**COUNT IV**

24. Sanders hereby realleges the allegations set forth in Paragraphs 1 through 23, as if set forth in full herein.

25. Ahlborg owed a duty of good faith and fair dealing to Sanders to manage the Project and the scope of work in conformance with the plans and specifications and schedule of trades.

26. Ahlborg breached its duty of good faith and fair dealing in one or more of the following ways:

a) Interference with Sanders' contract by failing to provide adequate job management in performance with the schedule;

b) Failure to respond to documents submitted in request for additional information and clarification, as well as changes on the scope of Sanders' work; and

c) Failure to cooperate with Sanders in the performance of its contractual obligations and coordination of its work on the Project.

27. By virtue of Ahlborg's failure to act in good faith and to deal fairly with Sanders, Sanders has been damaged.

**COUNT V**

28. Sanders hereby realleges the allegations set forth in Paragraphs 1 through 27, as if set forth in full herein.

29. Pursuant to the prime contract between Combined Energies, along with Central Maine Power Company (Central Maine), issued a payment bond as principal with Westchester as surety, Bond No. K069 96 02 A, dated February 4, 2004, a copy of which is attached as **Exhibit B**.

30. Pursuant to the terms and conditions of the bond, persons supplying labor and material for use on the Project are proper claimants to make claim against the principals and surety for labor and materials supplied to the Project to which payment has not been received.

31. Sanders provided notice to Central Maine and Westchester of this claim.

32. No response has been forthcoming or payment received for the labor and materials due Sanders on the Project.

33. Combined Energies, Central Maine and Westchester are obligated to pay Sanders for labor and materials supplied to the Project for which payment has not been received pursuant to the terms and conditions of the bond, the Miller Act and Rhode Island General Law.

**COUNT VI**

34. Sanders hereby realleges the allegations set forth in Paragraphs 1 through 33, as if set forth in full herein.

35. Combined Energies owed a duty of good faith and fair dealing to Sanders to coordinate the job on the Project and the scope of work in conformance with the plans and specifications and schedule of trades.

36. Combined Energies breached its duty of good faith and fair dealing in one or more of the following ways:

a) Interference with Sanders' contract by failing to provide adequate job management in performance with the schedule;

b) Failure to respond to documents submitted in request for additional information and clarification, as well as changes on the scope of Sanders' work; and

c) Failure to cooperate with Sanders in the performance of its contractual obligations and coordination of its work on the Project.

37. By virtue of Combined Energies' failure to act in good faith and to deal fairly with Sanders, Sanders has been damaged.

**WHEREFORE**, R.J. Sanders, Inc. demands judgment against all Defendants, plus interest and costs.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Plaintiff
By its attorney,

Joseph J. Reale, Jr.-#3158
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917

Dated: October 13, 2006