**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of R.J. Sanders, Inc.<br><br>Plaintiff,<br>v.<br><br>O. AHLBORG & SONS, INC., CONTINENTAL CASUALTY INSURANCE COMPANY, CENTRAL MAINE POWER PLANT, COMBINED ENERGIES, A DIVISION OF THE UNION WATER-POWER COMPANY, and WESTCHESTER FIRE INSURANCE CO.,<br><br>Defendants. | ) | **CA NO. 06-454** |

**CENTRAL MAINE POWER COMPANY'S ANSWER**
**TO R.J. SANDERS, INC.'S COMPLAINT**

1. This Defendant, Central Maine Power Company ("CMP") is without knowledge as to the allegation of this paragraph.

2. Admits.

3. CMP is without knowledge as to the allegation of this paragraph.

4. Admits.

5. Admits.

6. Admits.

**COUNT I**

7. CMP repeats its Answer to paragraphs 1 through 6.

8. CMP is without knowledge as to the allegation of this paragraph.

9. Admits.

10. CMP is without knowledge as to the allegation of this paragraph.

11. Denies.

12. Admits that as a result of O. Ahlborg & Sons, Inc.'s ("OAS") inability to maintain job progress, the schedule had to be changed.

13. Admits that certain changes were requested and implemented for certain areas of the project which were memorialized in the written format required by the contract.

14. Admits that certain changes were requested and implemented for certain areas of the project which were memorialized in the written format required by the contract.

15. All change orders submitted in accordance with the contract have been reviewed and acted upon.

16. CMP is without knowledge as to the allegation of this paragraph.

**COUNT II**

17. CMP repeats its Answers to paragraphs 1 through 16.

18. Admits that a Subcontract between Combined Energies and OAS required that a payment bond be obtained by OAS.

19. The bond is a written document which speaks for itself.

20. CMP is without knowledge as to the allegation of this paragraph.

21. CMP is without knowledge as to the allegation of this paragraph.

**COUNT III**

22. CMP repeats its Answers to paragraphs 1 through 21.

23. CMP is without knowledge as to the allegation of this paragraph.

**COUNT IV**

24. CMP repeats its Answers to paragraphs 1 through 23.

25. Admits that OAS owed a duty to Combined Energies to manage and perform the work in accordance with the plans, specifications, and schedules.

26. CMP is without knowledge as to the allegation of this paragraph.

27. CMP is without knowledge as to the allegation of this paragraph.

**COUNT V**

28. CMP repeats its Answers to paragraphs 1 through 27.

29. Admits.

30. Admits that the payment bond provided by Westchester Fire Insurance Co. provides that certain entities or individuals are entitled to become claimants provided certain conditions precedent are met as required by the Miller Act. Further, Sanders did not meet the conditions precedent and was not an entity entitled to benefit from the payment bond as it was a third-tier subcontractor.

31. CMP denies that Sanders provided timely notice or timely commencement of this action as required in order to maintain a claim against the payment bond. Further, Sanders was not an entity entitled to benefit from the payment bond as it was a third-tier subcontractor.

32. As Sanders failed to satisfy the required conditions precedent and as Sanders is not an entity within the scope of the bond, no such payment was due. Further, it is also disputed by OAS that any payments were due Sanders.

33. Denies.

## COUNT VI

34. CMP repeats its Answers to Paragraphs 1 through 33.

35. Denies.

36. Denies

37. Denies.

## FIRST AFFIRMATIVE DEFENSE

Count V of the Plaintiff's Complaint is barred as Sanders failed to provide timely notice of its claims as required by law.

## SECOND AFFIRMATIVE DEFENSE

Count V of Plaintiff's Complaint is barred by its failure to have commenced this action within the time required by law.

## THIRD AFFIRMATIVE DEFENSE

Count V of Plaintiff's Complaint is barred as to any action against the payment bond because Sanders is not a claimant for purposes of making such a claim as it was a third-tier subcontractor.

## FOURTH AFFIRMATIVE DEFENSE

Count VI of Plaintiff's Complaint is barred by the lack of privity between Plaintiff and Combined Energies.

## FIFTH AFFIRMATIVE DEFENSE

Count VI of Plaintiff's Complaint is barred by its failure to have complied with the contract and provisions relating to the assertion of claims for additional compensation or time extensions.

**SIXTH AFFIRMATIVE DEFENSE**

Count VI of Plaintiff's Complaint is barred by application of the economic loss doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

Count VI of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by its failure to have performed its work in a workmanlike and timely manner as required by the contract.

Respectfully Submitted,

**CENTRAL MAINE POWER COMPANY,**

*By its attorney,*

Brent R. Canning, Esq., 5546
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
401-274-2000
401-277-9600 - FAX

Dated: December 8, 2006

**CERTIFICATE OF SERVICE**

I, Brent R. Canning, hereby certify that on this 8th day of December 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

#617421