UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of R.J. SANDERS, INC., Plaintiff, | ) | |
| v. | ) | C.A. 06-454S |
| O. AHLBORG & SONS, INC., CASUALTY INSURANCE COMPANY, CENTRAL MAINE POWER PLANT, COMBINED ENERGIES, a Division of the UNION WATER COMPANY, and WESTCHESTER FIRE INSURANCE COMPANY, Defendants. | ) | |

**ANSWER OF DEFENDANT, CASUALTY INSURANCE CO.**

Defendant Casualty Insurance Co. responds to the allegations of Plaintiff R.J. Sanders, Inc.'s Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.
2. Admitted.
3. Admitted.
4. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.
5. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.
6. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

**Count I**

7. Defendant realleges and incorporates its responses to Paragraphs 1 through 6.

8. Admitted.

9. Admitted.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

11. Denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

14. Admitted that certain change orders were executed, but the balance of those change orders is denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

16. Denied.

**Count II**

17. Defendant realleges and incorporates its responses to Paragraphs 1 through 16.

18. Admitted that Ahlborg and Defendant issued Bond No. 929316778. Exhibit A to the Complaint was not served and therefore Defendant is without knowledge or

information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof. Denied as to the remaining allegations in this averment.

19. Denied.
20. Denied as to Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this averment, and leaves Plaintiff to its proof.
21. Denied as to the first sentence. Defendant is without knowledge or information sufficient to form a belief as to the truth of the second sentence, and leaves Plaintiff to its proof.

**Count III**

22. Defendant realleges and incorporates its responses to Paragraphs 1 through 22.
23. Denied.

**Count IV**

24. Defendant realleges and incorporates its responses to Paragraphs 1 through 23.
25. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.
26. Denied.
27. Denied.

**Count V**

28. Defendant realleges and incorporates its responses to Paragraphs 1 through 27.
29. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

**Count VI**

34. Defendant realleges and incorporates its responses to Paragraphs 1 through 33.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and leaves Plaintiff to its proof.

WHEREFORE, Defendant hereby requests that this Court enter judgment on its behalf on Counts II and III of the Complaint, and order such other relief as the Court may deem just and appropriate.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are subject to arbitration and therefore are not properly before this Court.
2. Plaintiff's claims are barred by the Miller Act statute of limitations.

3. Plaintiff has failed to state a claim upon which relief can be granted under the Miller Act.
4. Defendant's liability, if any, is limited by the penal sum of the bond.
5. Plaintiff has failed to state a claim upon which relief can be granted to due to lack of service.
6. Plaintiff has failed to state a claim upon which relief can be granted, as to Counts II and III.
7. Plaintiff's claims are barred by other applicable statutes of limitation.
8. Plaintiff's claims are barred by the defenses of waiver and estoppel.
9. Plaintiff's claims are barred by the defense of laches.
10. Plaintiff's claims are barred by the defenses of offset and recoupment.
11. Plaintiff's claims are barred because it has failed to join indispensable parties.
12. Plaintiff has failed to mitigate its damages.
13. Plaintiff has failed to state a claim upon which relief can be granted against the bond, because Ahlborg terminated its contract with Sanders.
14. Plaintiff has failed to state a claim upon which relief can be granted against the bond, because Sanders breached its contract with Ahlborg.
15. Plaintiff has failed to state a claim upon which relief can be granted against the bond, to the extent that it seeks consequential damages which are not recoverable under the bond, and some or all of which were incurred without proper notice to Defendant, and prior to the termination of Sanders' contract.
16. Plaintiff has failed to state a claim upon which relief can be granted against the bond, to the extent that its seeks to recover damages for damage to property.

17. Plaintiff has failed to state a claim upon which relief can be granted against the bond, because Sanders failed to comply with all conditions precedent to maintaining a claim against the bond.
18. Any injuries or damages sustained by Plaintiff were caused by the acts and omissions of persons or entities for which neither Ahlborg, nor Defendant, are responsible.
19. Plaintiff is contributorily negligent.
20. To the extent Plaintiff sustained any injuries or damages by the acts or omissions of Ahlborg or any of its subcontractors, which is denied, Ahlborg and its subcontractors were at all times were acting at the direction the Owner and/or General Contractor, and therefore Ahlborg and Defendant can not be held liable to Plaintiff on the claims raised herein.
21. Plaintiff and its agents, including its subcontractors, actively interfered with Ahlborg's contractual performance on this Project, and that of its subcontractors, and with Ahlborg's contractual relationships with those subcontractors, and therefore Ahlborg and Defendant can not be held liable to Plaintiff on the claims raised herein.
22. Plaintiff's claims are barred in whole or in part by the doctrine of comparative negligence.
23. Plaintiff's claims are barred in whole or in part by the doctrine of assumption of the risk.
24. Plaintiff's claims are barred by the defenses of accord and satisfaction.

25. Any injuries or damages sustained by Plaintiff resulted from causes beyond the control of Ahlborg or its subcontractors, and were in the nature of *force majeure,* and therefore Ahlborg and Defendant can not be held liable to Plaintiff on the claims raised herein.

O. AHLBORG & SONS, INC.
By its attorneys,

/s/ John E. Bulman

John E. Bulman, Esquire
Laura J. Bottaro, Esquire
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
Fax: (401) 521-3555
jbulman@lmkbw.com
lbottaro@lmkbw.com

Dated: December 8, 2006.

CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within Answer of Casualty Insurance Company on the 8th day of December, 2006, to the following:

Joseph J. Reale, Jr., Esquire
reale@conversent.net

Brian R. Canning, Esquire
bcanning@haslaw.com

/s/ John E. Bulman

*F:\Laura\Ahlborg\RJ Sanders\RJS v. Ahlborg & Combined Energies & Sureties\ans-answer on behalf of Cas. Ins. Co..doc*